UNITED STATES of America

v.

Lohvlohn H. REYNOLDS.

Bankruptcy No. 1–85–66.

United States District Court,
E.D. Tennessee, S.D.

April 29, 1985.

Hurt, Richardson, Garner Todd & Cadenhead, Atlanta, Ga., Kyle R. Weems, Chattanooga, Tenn., for debtor.

Asst. U.S. Atty. John C. Littleton, Chattanooga, Tenn., Richard F. Mitchell, Atty. Tax Div., Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM

MORTON, Senior District Judge, Sitting by Designation.

This matter is before the court by virtue of an appeal by the United States Government from an order entered by the United States Bankruptcy Court on December 7, 1984. By said order the bankruptcy court granted a monthly support payment to a Chapter 11 bankrupt because of her need. The facts are:

Lohvlohn H. Reynolds, the former wife of H.M. "Jack" Reynolds, commenced this Chapter 11 proceeding on April 17, 1981, following her contested divorce proceedings. No plan has yet been confirmed. The Internal Revenue Service filed a proof of claim for unpaid 1977 income taxes, which the debtor contested. That claim was substantially settled, by a stipulation of settlement approved by the bankruptcy court on April 3, 1984, whereby the debtor agreed to an indebtedness for 1977 of $440,150, though she reserved one issue for trial that may somewhat reduce that amount. In addition, the debtor has filed claims for income tax refunds for 1979 and 1983; furthermore, the estate has filed income tax returns for fiscal years ended May 31, 1982 and 1983, reporting but not paying substantial liabilities. Significant administrative claims have been, or will be, filed; presently pending fee applications exceed $100,000. In a disclosure statement of July 10, 1984, the debtor disclosed that the estate had unimpaired assets on the order of $200/$250,000. Other substantial claims are also pending herein.

On July 22, 1984, the debtor moved for a monthly allowance of $1500 from the estate. The motion came before the bankruptcy court on September 18, 1984, and the court allowed $750 for the months of October, November and December, for a total of $2,250. That order, entered on October 3, 1984, was not appealed by any party.

By order of December 7, 1984, the bankruptcy court extended the $750 monthly allowance for an indefinite period, and the United States perfected an appeal from that order.

The bankruptcy court took evidence from the debtor on September 18, 1984, and at that time the debtor had no gainful employment.

The 1984 disclosure statement recites that on December 30, 1977, Mrs. Reynolds purchased a "Charitable Remainder Unitrust," which purported to create an irrevocable trust with the debtor guaranteed five percent per annum as lifetime income. Apparently the post-petition income is paid annually into the Chapter 11 estate, but the "res" of the Unitrust has not been reclaimed by the debtor-in-possession. (The United States asserts that this Unitrust investment is part of the Chapter 11 estate, pursuant to Code Section 541.) The Unitrust income is pertinent here, because Judge Kelley's order of October 3, 1984, provided that the $750 per month payment would be paid from the Unitrust receipts.

The court desires to make it clear that there are no concessions of any kind in this record. It is obvious that the so-called trust is asserted by the plaintiff as being exempt property, although she has never petitioned that the same be set aside to her as exempt property. It is also clear that the Government takes the position that said property is subject to the claims of the various creditors. We are, therefore, faced with the proposition of an alleged insolvent petitioner needing sustenance petitioning the bankruptcy court to please pay her a monthly allowance.

█ Clearly, and the parties so agree, there is no provision in the bankruptcy law which permits the charging of a bankrupt's estate with a sum of money as support. Certainly, Congress contemplated a setting aside of certain assets of the bankrupt as exempt with the remainder of said assets available to creditors. Here, no case or authority is cited for the action of the bankruptcy judge. There is nothing in writing nor any instrument which grants such support payments. Obviously, the case is not a divorce case and has no connection therewith.

74

The petitioner attempts to cite the principle that bankruptcy is an equitable court or court which decides issues based on equitable principles. This assertion of equitable principle is a "can of worms" at the least. Equitable principles can be asserted on any public issue and concerning any private right or desire. However, Congress did not see fit to grant a niche in the bankruptcy armor which would authorize the payment of monthly support payments for a petitioner in bankruptcy.

Therefore, this court is compelled to set aside the order of the bankruptcy judge in granting a monthly allowance because of "need." The order entered by the bankruptcy judge is hereby set aside and for nothing further held. An appropriate order shall be entered.

### ORDER

In accordance with the memorandum contemporaneously filed, it is ORDERED that the order of the bankruptcy judge in granting a monthly allowance to the bankrupt is hereby set aside and for nothing further held.